Michael P. Balaban   State Bar No. 9370
LAW OFFICES OF MICHAEL P. BALABAN
10726 Del Rudini Street
Las Vegas, NV 89141
(702)586-2964
Fax: (702)586-3023

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DEBRA PERRY,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>THE ASNY COMPANY, a Delaware Limited Liability Company,<br><br>　　　　　Defendant. | CASE NO.<br><br>1. AGE DISCRIMINATION IN VIOLATION OF THE AGE DISCRIMINATION IN AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967<br>2. DISABILITY DISCRIMINATION AND FAILURE TO ACCOMMODATE IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990<br>3. HOSTILE ENVIRONMENT SEXUAL HARASSMENT IN VIOLATION TITLE VII OF THE CIVIL RIGHTS ACT OF 1964<br>4. RETALIATION IN VIOLATION OF THE AMERICANS WITH DISABILITES ACT<br><br>JURY DEMAND |

　　　Plaintiff DEBRA PERRY ("Plaintiff" or "Perry") alleges as follows:

　　　1.　　　This action is brought pursuant the Age Discrimination in Employment Act of 1967, as amended, *29 USC §621, et seq.* (hereinafter "ADEA"); Americans With Disabilities Act of 1990, 42 U.S.C. §12101, et seq. (hereinafter "ADA"); and Title VII of the Civil Rights Act of 1964, *42 USC §2000e*, et seq. (hereinafter "Title VII").

1

2.      Jurisdiction is predicated under these code sections as well as *28 U.S.C. § 1331*, as this action involves a federal question.

3.      At all relevant times, THE ASNY COMPANY, LLC, a Delaware Limited Liability Company (hereinafter "Defendant" or "Asny") employed twenty (20) or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year, and are therefore subject to the provisions of the ADEA, ADA and Title VII.

4.      The events or omissions giving rise to Plaintiff's claim occurred in this judicial district, thus venue is proper here pursuant to *28 USC §1391(b)(2),* and the ends of justice so require.

**PARTIES**

5.      Plaintiff, Perry, is a citizen of the United States and a resident of the State of Nevada, County of Clark and City of Las Vegas.

6.      Plaintiff is informed and believes and thereon alleges that at all relevant times giving rise to the claims asserted, Plaintiff was employed in Las Vegas, Nevada by Defendant.

7.      Defendant is an employer within the meaning of *42 USC §2000e(b)* and *29 USC §§623 and 630(b).*

**EXHAUSTION OF REMEDIES**

8.      Plaintiff timely filed a "Charge of Discrimination" with the Nevada Equal Rights Commission ("NERC") and Equal Employment Opportunity Commission ("EEOC") and a Notice of Right to Sue was issued on December 18, 2020, a copy of which is attached to Complaint as Exhibit "A".

**STATEMENT OF FACTS**

9.      Plaintiff began working for Defendant on or about December 3, 1993 as a Payroll Manager/Human Resource Manager/Office Manager and Executive Assistant.  At the time the company was called Consolidated Resorts, Inc.

10.     After several promotions, Perry assumed the duties of Executive

Manager/Executive Assistant working as House Manager for seven properties and one estate known as Shadow Creek.

11. As Executive Manager, Plaintiff handled various duties including but not limited to managing all property, accounts payable and checking, personal assistant, residential staff payroll, recruitment and management of staff and vendors for properties, booking jets/limousines, events, meeting, oversight and construction accounting, pets and shopping.

12. In 2008, the company underwent name changes and acquisitions and it currently operates as The ASNY Company, LLC.

13. On May 17, 2019, when she was fifty-nine years of age, Plaintiff was terminated, allegedly for poor job performance. In fact Perry was made aware of no issues regarding her job performance prior to her termination and thought she had excellent performance at work.

14. Prior to that, the owner and founder of the company Arthur Spector ("Spector"), who recently passed away, began targeting Perry because of her age and disability making Plaintiff believe that she was really terminated because of her age and disability and in retaliation for complaining about the same.

15. For example Spector commented more than once that "women over 50 turn bitchy and are no good anymore."

16. In approximately September 2018, Spector told Perry that she was "getting older" and "didn't have the same energy level" and "couldn't do the same things" she had previously done for him. Spector further complained that Plaintiff was "burnt out" and "didn't have any energy" as was typical for "older women."

17. During a conference call with his son, President Todd Spector and General Counsel Kevin Blair ("Blair"), Spector told Plaintiff she was "too old" to do her job anymore. Perry was shocked and appalled by the comment and told Blair that she was going to report the offensive comment.

18. Spector also told Plaintiff about all the young pretty girls he was hiring which made

Perry think that she had to be young and pretty to work at the company. Perry knew about Spector's preference for younger women in his personal life but never expected this to dictate who worked at his company.

19. Spector's discriminatory behavior against Plaintiff's disability began in or around 2015. In or around June of that year, Perry made Spector and Asny aware that she needed an environment free of "dust and fumes/vapors" due to allergies and other medical conditions. Plaintiff complained about her breathing attacks which would cause her throat to close due to chemical reactions. Further Perry received a note from her doctor recommending that she not work anywhere where she is exposed to dust and fumes/vapor and that this restriction is indefinite.

20. Despite her request, complaints and recommendation from her doctor, Spector continued to insist that Perry work in an office stuffed full of boxes of cologne, shoes, clothing and assorted detritus of Spector's life.

21. The office conditions were so horrendous that cleaning the office was nearly impossible, placing Plaintiff in constant fear of an asthma attack or breathing trouble. The office conditions were so poor that Perry complained to OSHA who required Spector to clean out the office space.

22. Spector further stated that Plaintiff was a hypochondriac for complaining about her breathing issues and became angry when she refused to accept homeopathic treatment products that were given to Spector by Joann his masseuse to treat Perry's conditions. In fact Plaintiff did not refuse to accept the products but rather took them to her doctor for approval and her doctor said that it would be better if she did not use the products.

23. Spector also told Perry that all doctors want to do is take her money.

24. Finally Spector continually ensured that Plaintiff and other women in his employ were exposed to nude photographs, many of which were pornographic. Spector was known to have a proclivity for this type of behavior and other female employees, in addition to Perry, complained about Spector's harassment of this nature during the time she was employed by

Defendant.

25. This included, but was not limited to Spector showing Perry a nude picture of one of his girlfriend Victoria and making her view nude artwork and pictures in all of his homes when she went to the homes as part of her job.

26. Following Plaintiff's termination, Plaintiff's duties were split between three younger females; Catrina Macabagdal who was Perry's former assistant and was under the age of forty and took all of Plaintiff's duties except for House Manager at Shadow Creek Residence; Amani Horton who was substantial younger than Plaintiff and took over Perry's duties as the House Manager for the Shadow Creek Residence; and Jennifer Cuthbert who was under the age of forty and took over the management of Spector's/Asny's properties and staff in New York and accounts payable.

### FIRST CAUSE OF ACTION

### (For Age Discrimination in Violation of the

### Age Discrimination in Employment Act of 1967)

27. Plaintiff Perry incorporates the allegation set forth in paragraphs 1 through 26, inclusive, as if fully set forth herein.

28. This cause of action is brought pursuant to ADEA to obtain relief for Plaintiff for discriminating against her in the terms, conditions or privileges of her employment because of her age in violation of the ADEA.

29. As set forth above Plaintiff was fifty-nine years of age when she was terminated on May 17, 2019.

30. As further set forth above, Perry was made aware of *no* issues regarding her job performance prior to her termination and thought she had excellent performance at work.

31. Finally as set forth above, Plaintiff's duties once she was terminated were taken over by substantially younger employees with equal or lesser qualifications and experience making it reasonable to infer that the reason Asny terminated Perry was because of her age.

32. As a direct, foreseeable, and legal result of Defendant's age discrimination, Plaintiff has suffered, overall economic losses in earnings, bonuses, job benefits and expenses, in an amount to be proven at trial which exceeds the minimum jurisdictional limits of this Court.

33. The age discrimination by Defendant was willful and thus Plaintiff should be awarded liquidated damages pursuant *29 USC §626(b)*.

34. Plaintiff claims the damages alleged herein, together with prejudgment interest as provided by law, in a sum according to proof at trial.

35. Plaintiff have incurred, and continue to incur, attorney's fees in the prosecution of his claim and Plaintiff therefore seeks an award of reasonable attorney's fees, in a sum according to proof at trial.

## SECOND CAUSE OF ACTION

### (For Disability Discrimination and Failure to Accommodate in Violation of the Americans with Disabilities Act of 1990)

36. Plaintiff Perry incorporate the allegations set forth in paragraphs 1 through 35, inclusive, as if fully set forth herein.

37. This cause of action is brought pursuant to the ADA to obtain relief for Plaintiff for failing to accommodate her disabilities in violation of the ADA.

38. As set forth hereinabove, Perry suffered from allergies and other medical conditions which caused Plaintiff to have breathing attacks which would cause her throat to close due to chemical reactions and placed Plaintiff in constant fear of an asthma attack or breathing trouble.

39. These ailments qualify as physical and mental impairments under the ADA. Further they substantially limited Plaintiffs in performing major life activities, including but not limited to breathing and working, and thus qualified Perry as being disabled under the ADA.

40. Further Plaintiff was a qualified individual with a disability under the ADA because she could have been accommodated by removal of the dust and fumes/vapors from the

6

office so she could perform the essential functions of her job in an environment free of the harmful dust and fumes/vapors.

41. Thus as set forth above Perry was a qualified individual with a disability under the ADA.

42. As further set forth above Perry received a note from her doctor recommending that she not work anywhere where she is exposed to dust and fumes/vapor and that this restriction is indefinite. By not honoring this restriction, Defendant was in violation of the ADA.

43. As a direct, foreseeable, and legal result of Defendant failing to accommodate Plaintiff under the ADA, Plaintiff has suffered, overall economic losses in earnings, bonuses, job benefits and expenses, in an amount to be proven at trial which exceeds the minimum jurisdictional limits of this Court.

44. As a further direct, foreseeable, and legal result of Defendant failing to accommodate Plaintiff under the ADA, Plaintiff has suffered indignity, mental anguish, humiliation, emotional distress, nervousness, tension, anxiety, recurring nightmares, depression, inconvenience and loss of enjoyment of life and other pecuniary losses, the extent of which is not fully known at this time, for which she seek damages in an amount in excess of the minimum jurisdictional limits of the Court, also to be proven at the time of trial.

45. In acting as they did, Defendant knowingly, willfully, and intentionally acted in conscious disregard of Plaintiff's rights. Their conduct was despicable, has subjected Plaintiff to oppression, and it warrants an award of punitive and exemplary damages in favor of Plaintiff, in a sum according to proof at trial.

46. Plaintiff claim the damages alleged herein, together with prejudgment interest as provided by law, in a sum according to proof at trial.

47. Plaintiff has incurred, and continues to incur, attorney's fees in the prosecution of her claims. Plaintiff therefore seeks an award of reasonable attorney's fees, in a sum according to proof at trial.

## THIRD CAUSE OF ACTION

**(For Hostile Environment Sexual Harassment in violation**

**of Title VII of the Civil Rights Act of 1964)**

48. Plaintiff Perry incorporates the allegations set forth in paragraphs 1 through 47, inclusive, as if fully set forth herein.

49. This cause of action is brought pursuant to Title VII as it involves a claim by Plaintiff for "Hostile Environment" sexual harassment which is governed by Title VII.

50. As previously set forth herein above, Plaintiff and other women in Defendant's employ were exposed to nude photographs in the workplace, many of which were pornographic. This created a "Hostile Environment" in the workplace for Perry and the other women.

51. This included, but was not limited to, Spector showing Perry a nude picture of his girlfriend Victoria and making her view nude artwork and pictures in all of his homes when she went to the homes as part of her job.

52. As a direct, foreseeable, and legal result of the sexual harassment by Spector and other employees, Plaintiff has suffered crying attacks, embarrassment, being unable to sleep, indignity, mental anguish, humiliation, emotional distress, nervousness, tension, anxiety, recurring nightmares, depression, inconvenience and loss of enjoyment of life and other pecuniary losses, the extent of which is not fully known at this time, for which she seeks damages in an amount in excess of the minimum jurisdictional limits of the Court, also to be proven at the time of trial.

53. In acting as they did, Defendant knowingly, willfully, and intentionally acted in conscious disregard of Plaintiff's rights. Their conduct was despicable, has subjected Plaintiff to oppression, and it warrants an award of punitive and exemplary damages in favor of Plaintiff, in a sum according to proof at trial.

54. Plaintiff claims the damages alleged herein, together with prejudgment interest as provided by law, in a sum according to proof at trial.

55. Plaintiff has incurred, and continues to incur, attorney's fees in the prosecution of

his claims. Plaintiff therefore seeks an award of reasonable attorney's fees, in a sum according to proof at trial.

### FOURTH CAUSE OF ACTION

### (For Retaliation in Violation of the ADA)

56. Plaintiff Perry incorporates the allegation set forth in paragraphs 1 through 55, inclusive, as if fully set forth herein.

57. This cause of action is brought pursuant to ADA as it involves a claim by Plaintiff for Retaliation in violation of the ADA.

58. As set forth herein above, Plaintiff complained about the dust and fumes/vapors in the office, among other things, and was then retaliated against and ultimately terminating on May 17, 2019.

59. As a direct, foreseeable, and legal result of Defendant's Retaliation, Plaintiff has suffered, overall economic losses in earnings, bonuses, job benefits and expenses, in an amount to be proven at trial which exceeds the minimum jurisdictional limits of this Court.

60. As a further direct, foreseeable, and legal result of Defendant's Retaliation, Plaintiff has suffered indignity, mental anguish, humiliation, emotional distress, nervousness, tension, anxiety, recurring nightmares, depression, inconvenience and loss of enjoyment of life and other pecuniary losses, the extent of which is not fully known at this time, for which she seeks damages in an amount in excess of the minimum jurisdictional limits of the Court, also to be proven at the time of trial.

61. In acting as they did, Defendant knowingly, willfully, and intentionally acted in conscious disregard of Plaintiff's rights. Their conduct was despicable, has subjected Plaintiff to oppression, and it warrants an award of punitive and exemplary damages in favor of Plaintiff, in a sum according to proof at trial.

62. Plaintiff claims the damages alleged herein, together with prejudgment interest as provided by law, in a sum according to proof at trial.

63. Plaintiff has incurred, and continues to incur, attorney's fees in the prosecution of her claims. Plaintiff therefore seeks an award of reasonable attorney's fees, in a sum according to proof at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Perry demands judgment against Defendant Ansy as follows:

1. For back pay and front pay for overall economic losses in earnings, bonuses, job benefits and expenses, according to proof at time of trial;

2. For liquidated damages pursuant *29 USC §626(b)*;

3. For compensatory damages for mental and emotional distress, worry, indignity, mental anxiety, mortification, depression, shame, grief, inconvenience and loss of enjoyment of life and other pecuniary losses, all to Plaintiff's damage in a sum to be shown at the time of trial;

4. For punitive damages;

5. For attorney's fees and costs in an amount determined by the court to be reasonable;

6. For prejudgment interest on all damages; and

7. For any other and further relief that the Court considers proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

DATED: 3/18/2021      LAW OFFICES OF MICHAEL P. BALABAN


BY: /s/ Michael P. Balaban
    Michael P. Balaban
    LAW OFFICES OF MICHAEL P. BALABAN
    10726 Del Rudini Street
    Las Vegas, NV  89141

# EXHIBIT "A"

# NOTICE OF RIGHT TO SUE

EEOC Form 161-B (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To: Debra L. Perry
c/o: LAW OFFICES OF MICHAEL P. BALABAN
Attn: Michael P. Balaban
10726 Del Ruidini Street
Las Vegas, NV 89141

From: Las Vegas Local Office
333 Las Vegas Blvd South
Suite 5560
Las Vegas, NV 89101

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No |
|---|---|---|
| 487-2019-01367 | Saul Vazquez, Investigator | (702) 553-4460 |

(See also the additional information enclosed with this form.)

NOTICE TO THE PERSON AGGRIEVED:

Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA): This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[X] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

Age Discrimination in Employment Act (ADEA): You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[X] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

Equal Pay Act (EPA): You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge please send a copy of your court complaint to this office.

On behalf of the Commission

Tamara M. West

Digitally signed by Tamara M. West
DN: cn=Tamara M. West, o=EEOC,
ou=Director-LVLO,
email=tamara.west@eeoc.gov, c=US
Date: 2020.12.18 09:17:24 -08'00'

Enclosures(s)

Tamara M. West,
Local Office Director

(Date Mailed)

cc: Arthur Spector
Owner
THE ASNY COMPANY, LLC.
801 S. Rampart Ste. 200
Las Vegas, NV 59145